IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KNIGHT-CELOTEX, LLC, an Illinois limited liability company, and | ) ) ) | Case No. 09-12200 Chapter 7 |
| | ) | |
| KNIGHT INDUSTRIES I LLC, a Delaware limited liability company, | ) ) ) | Case No. 09-12219 Chapter 7 |
| | ) | |
| Debtors. | ) ) | Hon. Pamela S. Hollis |
| KNIGHT QUARTZ FLORING LLC, | ) ) | Case No. 10-10178 |
| Debtor. | ) ) | Hon. Jerry A. Brown |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Tuesday, February 2, 2010, at 10:00 a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in Room 644 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal, 219 S. Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present **BANK OF AMERICA'S MOTION TO CHANGE VENUE OF KNIGHT QUARTZ FLOORING'S BANKRUPTCY CASE**, a copy of which has been previously served upon you, and shall pray for the entry of an Order in compliance therewith.

Dated: January 28, 2010

Respectfully submitted,
BANK OF AMERICA, N.A.

By: /s/ Michael L. Molinaro
    One of Its Attorneys

Michael L. Molinaro (ARDC No.: 6183321)
Theresa L. Davis (ARDC No.: 6224757)
Blair R. Zanzig (ARDC No.: 6273293)
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, Illinois 60610
Telephone: (312) 464-3100
Facsimile: (312) 464-3111
Email: mmolinaro@loeb.com
       tdavis@loeb.com
       bzanzig@loeb.com

CH62264.1

## CERTIFICATE OF SERVICE

I, Michael L. Molinaro, an attorney, hereby certify that on the 28th day of January, 2010, I electronically filed a copy of the foregoing **Notice of Motion** and **Bank of America's Motion to Change Venue of Knight Quartz Flooring's Bankruptcy Case**. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I have also caused copies of this filing to be served upon the following via overnight delivery or express mail, as indicated:

Knight Quartz Flooring, LLC
7500 4th Street
Marrero, LA 70072
*Via Overnight Delivery*

Knight Quartz Flooring, LLC
P.O. Box 8058
Northfield, IL 60093
*Via Express Mail*

Arthur A. Vingiello
Steffes, Vingiello & McKenzie
13702 Coursey Boulevard
Building 3
Baton Rouge, LA 70817
*Via Overnight Delivery*

Office of the U.S. Trustee
Eastern District of Louisiana
Texaco Center
400 Poydras Street, Suite 2110
New Orleans, LA 70130
*Via Overnight Delivery*

William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
*Via Overnight Delivery*

/s/ Michael L. Molinaro

CH62264.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KNIGHT-CELOTEX, LLC, an Illinois limited liability company, and | ) ) ) | Case No. 09-12200 Chapter 7 |
| | ) | |
| KNIGHT INDUSTRIES I LLC, a Delaware limited liability company, | ) ) ) | Case No. 09-12219 Chapter 7 |
| | ) | |
| Debtors. | ) ) | Hon. Pamela S. Hollis |
| KNIGHT QUARTZ FLORING LLC, | ) ) | Case No. 10-10178 |
| Debtor. | ) ) | Hon. Jerry A. Brown |

## BANK OF AMERICA'S MOTION TO CHANGE VENUE OF KNIGHT QUARTZ FLOORING'S BANKRUPTCY CASE

Bank of America, N.A. ("Bank of America") hereby moves the Court to change the venue of the bankruptcy case recently filed by Knight Quartz Flooring LLC ("Knight Quartz Flooring") in the United States Bankruptcy Court for the Eastern District of Louisiana to the United States Bankruptcy Court for the Northern District of Illinois, pursuant to Fed. R. Bankr. P. 1014 (hereinafter referred to as the "Motion"). In further support of its Motion, Bank of America states as follows:

### I.   INTRODUCTION

1. Debtor Knight Industries I LLC owns 46.845% of the Series A membership interests of Knight Quartz Flooring LLC, f/k/a Knight Industries Premium Flooring, LLC ("Knight Quartz Flooring"). Accordingly, Knight Quartz Flooring is an affiliate of Debtor Knight Industries I LLC.

2. On January 22, 2010, Knight Quartz Flooring filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), only hours after

CH62169.2
210322-10024

Judge Milton Shadur of the United States District Court for the Northern District of Illinois granted Bank of America's motion to appoint a receiver over Knight Quartz Flooring's assets securing its loan from Bank of America. Knight Quartz Flooring filed its bankruptcy case in the United States Bankruptcy Court for the Eastern District of Louisiana. However, the connection between the Eastern District of Louisiana and Knight Quartz Flooring and its creditors is minimal. In the interests of justice and for the convenience of the parties, the Court should transfer venue of Knight Quartz Flooring's bankruptcy case from the Eastern District of Louisiana to the Northern District of Illinois, where the first-filed bankruptcy cases and related civil actions are pending.

## II. BACKGROUND

### 2009 Bankruptcy Cases

3. Knight-Celotex, LLC ("Knight-Celotex") and Knight Industries I LLC ("Knight Industries) (collectively, "Debtors") filed their respective petitions for relief under Chapter 11 of the Bankruptcy Code on April 6, 2009 (the "Petition Date").

4. On June 11, 2009, the Court converted each of the Debtors' bankruptcy cases to Chapter 7 of the Bankruptcy Code. (Order dated 6/11/2009 [Docket # 141].) Shortly thereafter, Barry A. Chatz was duly appointed as the trustee of the Debtors' bankruptcy estates (the "Chapter 7 Trustee").

### Knight Quartz Flooring Defaults on Its $1.3 Million Loan From Bank of America

5. On or about February 14, 2006, Bank of America extended $1,300,000 in financing to Knight Quartz Flooring in the form of a revolving credit facility (the "Knight Quartz Flooring Loan"). The Knight Quartz Flooring Loan is evidenced by a Loan and Security Agreement dated February 14, 2006 (the "Loan Agreement"), by and between Knight Quartz

2

Flooring and Bank of America. (See Hammond Aff.[1] Ex. A.) Knight Quartz Flooring also executed and delivered to Bank of America a Revolving Note dated August 31, 2007 (the "Note"), in the maximum principal amount of $1,300,000. (Hammond Aff. Ex. B.) Knight Quartz Flooring agreed to pay the entire principal balance outstanding under the Note plus accrued interest on or before August 31, 2008. (*Id.* at 1.)

6. In order to secure its obligations to Bank of America, Knight Quartz Flooring granted Bank of America a first priority security interest in any and all of its property of any kind or description, tangible or intangible, wherever located and whether then existing or thereafter arising or acquired (the "Knight Quartz Flooring Collateral"). (Hammond Aff. Ex. A at § 6.1(b).) Bank of America perfected its first priority lien on the Knight Quartz Flooring Collateral by filing with the Delaware Secretary of State's office a UCC-1 financing statement on September 26, 2007. (Hammond Aff. Ex. C.)

7. On August 31, 2008, the Knight Quartz Flooring Loan matured, and all indebtedness outstanding under the Loan Agreement and Note was due and payable in full by Knight Quartz Flooring. (Hammond Aff. ¶ 12.) Despite defaulting 18 months ago, Knight Quartz Flooring has failed to pay the Knight Quartz Flooring Loan. (Hammond Aff. ¶ 17.) As of January 14, 2010, $1,300,000 is due and owing by Knight Quartz Flooring for principal, $59,193.75 is due and owing for accrued interest, and additional amounts are due and owing for costs, fees and expenses. (Hammond Aff. ¶ 18.)

Debtors and Knight Quartz Flooring's Affairs are Substantially Intertwined.

8. Knight Industries owns 46.845% of the outstanding Series A membership interests, which are the voting interests, of Knight Quartz Flooring. (*See* Knight Industries'

---

[1] "Hammond Aff." Refers to the Affidavit of Michael J. Hammond in Support of Bank of America's Motion to Change Venue of Knight Quartz Flooring's Bankruptcy Case filed contemporaneously with this Memorandum. "Hammond Aff. Ex. ___" refers to the respective exhibit attached to the Hammond Affidavit.

3

Schedule B – Personal Property [Docket #63] at 3.) Consequently, Knight Industries is Knight Quartz Flooring's largest equity holder by a substantial margin. (*See* Ex. 1 (Organizational Chart).) Further, from Knight Quartz Flooring's formation until at least February 2009, Knight Industries also served as Knight Quartz Flooring's Manager. (*See* Ex. 2 (Knight Quartz Flooring Operating Agreement and Amendments) at § 8.1.)

9. Throughout nearly their entire history, the Debtors and Knight Quartz Flooring were controlled and operated by James A. Knight, causing their affairs to become substantially intertwined. As of the Petition Date, Mr. Knight was the Manager and CEO of Knight Industries and its principal owner with an 89% membership interest.[2] (*See* Knight Industries' SOFA at 8 [Docket #66].) Knight Industries served as a holding company that provided administrative services, including accounting functions, to its subsidiaries.

10. Prior to the Petition Date, Knight Industries and Knight Quartz Flooring shared headquarters at One Northfield Plaza, Suite 400, Northfield, Illinois. The Trustee's financial advisor has informed Bank of America that Knight Quartz Floorings' books and records through at least July 2009 were maintained at the Northfield headquarters.

11. In addition, Knight Industries transferred substantial sums to Knight Quartz Flooring. As of December 31, 2008, Knight Industries apparently provided Knight Quartz Flooring with loans, and working capital and expense advances totaling $4,273,360. (*See* Ex. 3 (2/8/2009 KQF Written Consent).) In a resolution dated as of February 2009, purportedly acting by written consent, certain of Knight Quartz Flooring's members attempted to convert the $4.3 million debt owed to Knight Industries into newly created, non-voting Series B equity interests in Knight Quartz Flooring. (*Id.*).

---

[2] Pursuant to a litigation settlement entered into sometime in the summer of 2009, Knight Industries' two other minority members surrendered their interest in Knight Industries leaving Mr. Knight as Knight Industries' sole equity holder.

4

12. In connection with the written consent, James Knight purportedly caused Knight Industries to resign as Manager of Knight Quartz Flooring. (*Id.*) Knight Quartz Flooring appointed Knight Quartz Flooring – Global LLC ("KQF-Global") as its new manager. Although it appears the effect of this appointment was merely to transfer control of Knight Quartz Flooring to James Knight's wife, Cynthia Knight. KQF-Global currently is managed by Olney Partners LP, whose general partner is Cynthia Knight.[3] Indeed, Cynthia Knight acting through Olney Partners and KQF-Global signed Knight Quartz Flooring's Louisiana bankruptcy petition. (Ex. 4 (Bankruptcy Petition and Affidavit).)

<u>Knight Quartz Flooring Attempts to Thwart Judge Shadur's Receivership Order</u>

13. Seeking to enforce its rights and remedies under the Loan Agreement and applicable law, in August 2009, Bank of America filed suit against Knight Quartz Flooring in the United States District Court for the Northern District of Illinois (the "District Court"), Case No. 09-4845. That case is pending before Judge Milton Shadur. On December 16, 2009, Bank of America moved the District Court for the appointment of a receiver over Knight Quartz Flooring's assets. After the parties fully briefed that motion, and the Court held several intervening hearings, on January 22, 2010 at a 10:00 a.m. hearing set over a week earlier, Judge Shadur granted Bank of America's motion and appointed Fred Caruso, who also serves as the Chapter 7 Trustee's financial advisor, as receiver for Knight Quartz Flooring's assets. (*See* Ex. 5 (1/22/10 Minute Entry).)

14. In a brazen attempt to circumvent Judge Shadur's order, at 3:41p.m that same day (mere hours after Judge Shadur issued his ruling), Knight Quartz Flooring filed its bankruptcy petition in the United States District Court for the Eastern District of Louisiana, without

---

[3] Notably, as of December 1, 2008, Knight Industries was listed as having a 30% ownership interest and as acting Manager of KQF-Global. (*See* Ex. 1.)

5

providing any notice of this intended filing to either Judge Shadur or Bank of America at the hearing.

15. Bank of America now requests this Court, pursuant to the broad discretion granted it under Fed. R. Bankr. P. 1014, to transfer venue of Knight Quartz Flooring's bankruptcy case to this District, where substantially all of the interested parties and witnesses are located and the interests of justice and efficiency would best be served.

### III. ARGUMENT

**A. THIS COURT IS THE APPROPRIATE AUTHORITY TO DETERMINE PROPER VENUE.**

16. Pursuant to Federal Rule of Bankruptcy Procedure 1014 ("Rule 1014"), this Court is the appropriate court to determine the proper venue of Knight Quartz Flooring's bankruptcy case. Rule 1014(b) provides that where petitions commencing cases under the Bankruptcy Code are filed in different districts by a debtor and affiliate, the court where the first petition is pending may determine the district in which the cases should proceed. See *In re Reddington Investments Ltd. P'ship – VIII*, 90 B.R. 429, 430 (B.A.P. 9th Cir. 1988) (the plain language of the rule provides that the court in the district where the first petition is filed makes the determination on a Rule 1014(b) motion); *In re Reichmann Petroleum Corp.*, 364 B.R. 916 (E.D. Tex. 2007) (court in which first bankruptcy petition was filed is charged with duty to determine proper district for both cases). In determining whether Rule 1014(b) is satisfied, courts should look to the purpose of the rule: to avoid inefficiencies and waste of judicial and other resources. *In re Raytech Corp.*, 222 B.R. 19, 25 (D. Conn. 1998).

17. Knight Quartz Flooring is an affiliate of Knight Industries. The Bankruptcy Code defines "affiliate" as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A). Here, Knight Industries directly owns 46.845% of the outstanding Series A

6