**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KNIGHT-CELOTEX, LLC, an Illinois limited liability company, and | ) ) ) | Case No. 09-12200 Chapter 7 |
| | ) | |
| KNIGHT INDUSTRIES I LLC, a Delaware limited liability company, | ) ) | Case No. 09-12219 Chapter 7 |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing: December 27, 2011 at 10:00 a.m. |

**NOTICE OF THIRD AND FINAL FEE APPLICATION OF
FREEBORN & PETERS LLP AS COUNSEL TO THE CHAPTER 7
TRUSTEE FOR AVOIDANCE AND COLLECTION ACTIONS
PURSUANT TO ALTERNATIVE COMPENSATION ARRANGEMENT**

To:     Service List

PLEASE TAKE NOTICE that on December 6, 2011, Freeborn & Peters LLP ("*F&P*") filed its *Third and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee For Avoidance and Collection Actions Pursuant to Alternative Compensation Arrangement* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  By this Final Fee Application, F&P seeks entry of an order (a) allowing F&P, on a final basis, $244,696.39 in compensation and $2,899.11 in reimbursable expenses incurred from November 1, 2009 through December 2, 2011 (the "*Final Fee Application Period*") as compensation for services rendered and expenses incurred on behalf of Barry A. Chatz, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the above-captioned debtors; and (b) authorizing the Trustee to pay F&P $47,641.06 in compensation for unpaid services rendered and expenses incurred by F&P on account of the Actions (as defined in the Final Fee Application).  A copy of the Final Fee Application is available at the Court's CM/ECF website (https://ecf.ilnb.uscourts.gov/) or upon request to the undersigned counsel to the Trustee.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Pamela S. Hollis of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in her place and stead, at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois on December 27, 2011 at 10:00 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern

Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Fee Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn: Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE FINAL FEE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December 6, 2011                                                          **FREEBORN & PETERS LLP**

                                                      By:       /s/ Richard S. Lauter
                                                         Richard S. Lauter (No. 6182859)
                                                         Thomas R. Fawkes (No. 6277451)
                                                         FREEBORN & PETERS LLP
                                                         311 South Wacker Drive, Suite 3000
                                                         Chicago, Illinois 60606
                                                         Telephone:  312.360.6000
                                                         Facsimile:   312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KNIGHT-CELOTEX, LLC, an Illinois limited liability company, and | ) ) ) | Case No. 09-12200 Chapter 7 |
| KNIGHT INDUSTRIES I LLC, a Delaware limited liability company, | ) ) ) | Case No. 09-12219 Chapter 7 |
| Debtors. | ) ) ) | Hon. Pamela S. Hollis |
| | ) | Hearing: December 27, 2011, at 10:00 a.m. |

**CERTIFICATE OF SERVICE**

I, Richard S. Lauter, an attorney, do hereby certify that on December 6, 2011, I caused the attached *Notice of Application and Third and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee For Avoidance and Collection Actions Pursuant to Alternative Compensation Arrangement* to be served on parties electronically via the CM/ECF system and via U.S. Mail postage prepaid as noted below.

                                                               /s/ Richard S. Lauter

**SERVICE LIST**

CM/ECF System Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive e-mail notices for this case.

Kimberly A Bacher     kimberly.bacher@goldbergkohn.com
Barry A. Chatz as Chapter 7 Trustee for the Estates of the Debtors,
bchatz@ecf.epiqsystems.com;jbmedziak@arnstein.com;blsutton@arnstein.com
Barry A Chatz     bachatz@arnstein.com,
bchatz@ecf.epiqsystems.com;jbmedziak@arnstein.com;blsutton@arnstein.com
Scott R Clar     sclar@craneheyman.com,
mjoberhausen@craneheyman.com;asimon@craneheyman.com
Jeffrey C Dan     jdan@craneheyman.com,
slydon@craneheyman.com;dwelch@craneheyman.com
Jeremy M Downs     jeremy.downs@goldbergkohn.com
Thomas R. Fawkes     tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
Robert M Fishman     rfishman@shawgussis.com
Jonathan P Friedland     jfriedland@lplegal.com
Scott C. Frost     sfrost@statmanharris.com, drizzuto@statmanharris.com

Vipin R Gandra    vgandra@shawgussis.com
John F Hiltz    jhiltz@loeb.com
Andrew M. Hutchison    andrew.hutchison@mbtlaw.com
Richard S Lauter    rlauter@freebornpeters.com, bkdocketing@freebornpeters.com
Mark E Leipold    mleipold@gouldratner.com, stamssot@gouldratner.com; hmartinez@gouldratner.com
Michael L Molinaro    mmolinaro@loeb.com, chicdkt@loeb.com
William T Neary    ustpregion11.es.ecf@usdoj.gov
Mary E Olson    molson@wildman.com
David K Welch    dwelch@craneheyman.com, gbalderas@craneheyman.com;jdan@craneheyman.com
Stephen A Yokich    syokich@cornfieldandfeldman.com, BFyfe@cornfieldandfeldman.com

U.S. Mail

Barry A. Chatz
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606-3910

Michael L. Molinaro
Loeb & Loeb LLP
321 North Clark Street, Ste. 2300
Chicago, IL 60654

Gretchen M. Silver
Office of the U.S. Trustee
219 S. Dearborn, Rm. 873
Chicago, IL 60064

Scott C. Frost
Stateman, Harris & Eyrich, LLC
200 West Madison Street, Suite 3820
Chicago, IL 60606

Andrew M. Hutchison
Meckler Bulger & Tilson
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606

Charles J. Micoleau
Curtis Thaxter
1 Canal Plaza, Suite 1000
Portland, ME 04112-7320

Hudson M. Jobe
Richard L. Smith
Quilling Selander Cummiskey & Lownds PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Michael K. Perry
Warren Perry Narron Shackleford & Mackay
P.O. Box 1187
Wake Forest, NC 27588-1187

4

| | |
|---|---|
| Jonathan W. Young<br>Wildman, Harrold, Allen & Dixon LLP<br>225 W. Wacker Drive, Suite 3000<br>Chicago, IL 60606 | Jonathan P. Friedland<br>Levenfeld Pearlstein LLC<br>2 North LaSalle St., Suite 1300<br>Chicago, IL 60602 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| KNIGHT-CELOTEX, LLC, an Illinois ) | Case No. 09-12200 |
| limited liability company, and ) | Chapter 7 |
| ) | |
| KNIGHT INDUSTRIES I LLC, a Delaware ) | Case No. 09-12219 |
| limited liability company, ) | Chapter 7 |
| ) | |
| Debtors. ) | Hon. Pamela S. Hollis |
| ) | |
| ) | Hearing: December 27, 2011, at 10:00 a.m. |

**THIRD AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP
AS COUNSEL TO THE CHAPTER 7 TRUSTEE FOR AVOIDANCE
AND COLLECTION ACTIONS PURSUANT TO
<u>ALTERNATIVE COMPENSATION ARRANGEMENT</u>**

Freeborn & Peters LLP ("*F&P*"), counsel to Barry A. Chatz, not individually, but solely as the chapter 7 trustee (the "*Trustee*") for the estates of Knight-Celotex, LLC and Knight Industries I LLC (collectively, the "*Debtors*"), hereby submits this *Third and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee For Avoidance and Collection Actions Pursuant to Alternative Compensation Arrangement* (the "*Final Fee Application*"), for services rendered and expenses incurred with respect to Avoidance Actions and Collection Actions (each as defined below) pursued on the Trustee's behalf for the period from November 1, 2009 through December 5, 2011 (the "*Final Fee Application Period*"), and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section

157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On April 6, 2009 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*").

4. On June 11, 2009, the Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code. Barry A. Chatz was appointed as the Trustee on that same date.

5. On or about the time of the conversion of this proceeding from chapter 11 to chapter 7, James Knight, the Debtors' CEO, resigned from the company, leaving no one to oversee the Debtors' operations. In conjunction with the Trustee's financial advisors, Development Specialists, Inc. ("*DSI*"), the Debtors' secured lender, Bank of America, N.A. ("*B of A*"), and F&P as counsel to the Trustee, the Trustee filed motions with this Court to (i) temporarily operate the Debtors' businesses, and (ii) authorize the use of B of A's cash collateral. Orders granting these motions were entered on June 17, 2009 and June 23, 2009, respectively.[1] The Trustee and his advisors continue to wind down this matter.

---

[1] The Court subsequently entered Orders extending the time period for which the Trustee has authority to use B of A's cash collateral on September 17, 2009 and October 29, 2009. On September 17, 2009, the Court also entered an order extending the Trustee's authority to operate the Debtors' business through and including November 30, 2009.

2

6. On June 25, 2009, this Court approved F&P's retention as counsel to the Trustee, effective as of June 11, 2009 (the "*Original Retention Order*").

7. Among the Trustee's duties under section 704(a)(1) of the Bankruptcy Code is to pursue claims and causes of action to recover estate assets. These claims, but are not limited to, actions to avoid and recover preferential transfers pursuant to section 547 and 550 of the Bankruptcy Code (the "*Avoidance Actions*") and actions to collect pre-petition accounts receivable of the Debtors (the "*Collection Actions*" and together with the Avoidance Actions, the "*Actions*").

8. Both the Trustee and B of A, while supportive of retaining F&P to represent the Trustee in the Actions, requested that F&P administer such matters pursuant to an alternative compensation arrangement designed to maximize and ensure estate recoveries as a result thereof. Accordingly, the parties agreed that with respect to the Actions, F&P would be compensated accordingly:

- F&P shall charge a flat billing rate of $200 per hour for all attorneys and paraprofessionals rendering services in connection with the Actions (the "*Hourly Rate*").

- In addition, F&P shall be entitled to fifteen percent (15%) of all recoveries resulting from the Actions (the "*Contingency Fee*"). The Contingency Fee will be paid whether recovery results from settlement prior to the filing of an adversary complaint, by settlement after the filing of an adversary complaint, or pursuant to a judgment entered by this Court in the Trustee's favor.

- The Hourly Rate plus the Contingency Fee shall be capped at one-third of the aggregate recoveries from the Actions.

3

9. The above alternative compensation arrangement applies only to the Actions; all other services rendered by F&P in these cases are being billed to the estates at F&P's standard hourly rates and are subject to the Original Retention Order.

10. On December 14, 2009, F&P filed its *Amended Application for Order Authorizing the Chapter 7 Trustee to Retain and Employ Freeborn & Peters LLP as Counsel* (the "*Amended Retention Application*"), seeking approval of the alternative fee arrangement set forth above. On December 17, 2009, this Court entered an order granting the Amended Retention Application (the "*Amended Retention Order*"), effective as of November 1, 2009.

## PREVIOUS FEE APPLICATIONS

11. Below is a summary of previous fee applications submitted to this Court pursuant to the Amended Retention Order, including fees allowed, expenses allowed, and the aggregate amounts paid.

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Fees and Expenses Paid |
|---|---|---|---|---|---|---|
| 8/20/2009 | Nov 2009 – April 2010 | $116,394.76 | $0.00 | $116,394.76 | $0 | $116,394.76 |
| 9/21/2009 | May – Dec 2010 | $78,189.87 | $2,684.89 | $78,189.87 | $2,684.89 | $80,874.79 |

## RELIEF REQUESTED

12. For the Final Fee Application Period, F&P requests, on a final basis, in respect of the Avoidance Actions and Collection Actions, compensation in the aggregate amount of $244,696.39 and reimbursement of expenses in the amount of $2,899.11, for a total of $247,595.50. Additionally, F&P requests payment in the amount of $47,641.06 in compensation for unpaid services rendered and expenses incurred by F&P on account of the Actions. The compensation requested herein is based upon the following:

4

A.     **Hourly Rate Compensation**

13.    During the Final Fee Application Period, F&P attorneys and paraprofessionals spent 863.1 hours on the Avoidance Actions and Collection Actions, resulting in Hourly Rate fees totaling $172,620.00.  For the period from January 1, 2011 through December 5, 2011, for which an interim fee application was not previously filed with this Court, F&P attorneys and paraprofessionals spent 90.3 hours on the Actions, resulting in Hourly Rate fees totaling $18,060.00.  Detailed time entries for the services rendered by F&P professionals and paraprofessionals for the period from January 1, 2011 through December 5, 2011 are attached hereto as *Exhibit A*.[2]

14.    A summary of the Hourly Rate compensation requested for the Final Fee Application Period by each of the F&P professionals and paraprofessionals rendering services in respect of the Avoidance Actions and Collection Actions is set forth below:

| Timekeeper | Title | Illinois Bar Admission | Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|
| Jackiw, Brian J. | Associate | 2008 | $200.00 | 288.9 | $57,780.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $200.00 | 184.9 | $36,980.00 |
| Fawkes, Thomas R. | Partner | 2002 | $200.00 | 140.9 | $28,180.00 |
| Eggert, Devon J. | Associate | 2006 | $200.00 | 84.9 | $16,980.00 |
| Isenberg, Shira R. | Associate | 2003 | $200.00 | 123.6 | $24,720.00 |
| Lauter, Richard S. | Partner | 1982 | $200.00 | 32.4 | $6,480.00 |
| Hammer, Aaron L | Partner | 1997 | $200.00 | 3.0 | $600.00 |
| Brandess, Michael | Associate | 2010 | $200.00 | 5.0 | $1,000.00 |
| | | | **TOTAL:** | **863.1** | **$172,720.00** |

---

[2]   As detailed time entries of F&P attorneys and paraprofessionals for the period from November 1, 2009 through December 31, 2010 were attached as exhibits to F&P's *First* and *Second Fee Applications of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee For Avoidance and Collection Actions Pursuant to Alternative Compensation Arrangement* (Docket Nos. 542 and 669, the "*Interim Fee Applications*"), they are not reattached to this Final Fee Application.  However, F&P incorporates the Interim Fee Applications and the exhibits thereto by reference.

5

B. **Contingency Fee Compensation**

15. During the Fee Application Period, F&P has recovered $477,185.28 on account of the Avoidance Actions and $256,903.89 on account of the Collection Actions, for a total of $734,089.17 (the "*Collections*"). Accordingly, F&P is entitled to Contingency Fee compensation during the Fee Application Period in the amount of $110,113.38, representing fifteen percent (15%) of the Collections.

C. **Total Compensation for the Final Fee Application Period**

16. Pursuant to the Amended Retention Order, F&P's total fees are equal to the Hourly Rate plus the Contingency Fee; provided, however, that such amount shall not exceed one-third of the Collections. Accordingly, F&P's capped compensation can be calculated as follows:

| Hourly Rate Compensation | $172,720.00 |
| --- | --- |
| Contingency Fee Compensation | $110,113.38 |
|  |  |
| Potential Compensation = Hourly Rate Compensation + Contingency Fee Compensation | $282,833.38 |
| Cap on Compensation = 1/3 of Collections | **$244,696.39** |

17. On account of the previously-allowed Interim Fee Applications, as noted in paragraph 11 above, F&P has been paid $197,269.55 from the estates. Accordingly, pursuant to this Final Fee Application, F&P is entitled to payment of additional compensation in the amount of $47,386.84.

D. **Monthly Reports and Objections Thereto**

18. While F&P and the Trustee originally agreed to submit monthly reports in respect of the Avoidance Actions and Collection Actions for each month so that compensation could be provided without order of this Court, the Trustee has requested that F&P obtain approval of requested compensation through the filing of fee applications pursuant to section 331 of the

6

Bankruptcy Code.  Accordingly, F&P submits this Final Fee Application, seeking approval of compensation and expenses, and payment of earned but unpaid compensation, for the Final Fee Application Period.

## **DISCUSSION**

19.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

20.     The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

7

21. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts."). Further, the fees charged by F&P for avoidance action and receivables collection are less than normal rates. The compensation methods provided for in the Avoidance Order are an incentive for F&P to work efficiently while achieving the greatest recovery for the estate.

22. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

23. The Court should also consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and

8

ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

24. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these chapter 7 cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

25. F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

### SERVICES PERFORMED

26. During the Fee Application Period, F&P rendered a variety of services in respect of both the Avoidance Actions and Collection Actions, which are described in more detail below.

27. *Avoidance Actions*. F&P has undertaken an extensive process, in cooperation with the Trustee's financial advisor, Development Specialists, Inc. ("*DSI*"), to identify and pursue recovery of preferential transfers made to the Debtors' creditors in the 90-day period preceding the Petition Date. After identifying the universe of such transfers, and engaging in an initial analysis of potential defenses thereto, F&P issued initial demand letters to approximately sixty recipients of allegedly preferential transfers, demanding turnover of amounts aggregating in excess of $3.3 million.

28. Since November 1, 2009, F&P, on behalf of the Trustee, has recovered $477,185.28 on behalf of the estates, as set forth in the below summary, on account of both filed and unfiled Avoidance Actions:[3]

---

[3] $6,335.28 remains due and owing by defendant Pine State Group, Inc. pursuant to a settlement agreement entered into with the Trustee concerning Adv. No. 10-00029. To the extent that this amount is collected, F&P will remit such amounts to the Trustee and will not seek additional compensation related thereto.

9

| DEFENDANT | Preference Amount | Settlement Date | Settlement Amount | Payment Received | Case No. |
|---|---|---|---|---|---|
| Ajilon Professional Staffing, LLC | $78,882.37 | April 22, 2010 | $22,500.00 | $22,500.00 | 10-00020 |
| Archer Daniels-Midland Company | $89,804.29 | September 7, 2010 | $8,000.00 | $8,000.00 | 10-01425 |
| Bowling Chipping & Logging | $263,643.30 | June 7, 2010 | $30,000.00 | $30,000.00 | N/A |
| Brenntag Southeast, Inc. | $52,136.24 | August 16, 2010 | $10,000.00 | $10,000.00 | N/A |
| Buckman Laboratories, Inc. | $66,902.94 | April 6, 2010 | $21,000.00 | $21,000.00 | N/A |
| Butler Bros. | $11,476.38 | May 5, 2010 | $6,500.00 | $6,500.00 | N/A |
| Cousineau Forest Products, Inc. | $329,809.44 | January 11, 2011 | $15,000.00 | $15,000.00 | N/A |
| D.N.Lukens, Inc. | $16,861.98 | April 11, 2010 | $500.00 | $500.00 | N/A |
| Denver Intermodal Express | $28,094.05 | August 16, 2010 | $10,000.00 | $10,000.00 | 10-01426 |
| Durametal Corporation | $27,891.62 | June 14, 2010 | $8,250.00 | $8,250.00 | 10-00024 |
| First Film Extruding | $21,090.79 | April 29, 2010 | $12,000.00 | $12,000.00 | 10-00025 |
| Geisinger Health Plan | $228,462.32 | April 4, 2011 | $80,000.00 | $80,000.00 | 10-01166 |
| H.N. Grossman & Associates | $72,339.94 | August 25, 2010 | $23,100.00 | $23,100.00 | 10-01427 |
| Hutchens Petroleum | $10,555.43 | January 11, 2010 | $5,000.00 | $5,000.00 | N/A |
| Irving Oil | $70,595.10 | January 24, 2011 | $32,500.00 | $32,500.00 | 10-01081 |
| J.M. Huber Corp. | $28,762.78 | February 25, 2010 | $25,500.00 | $25,500.00 | 10-00026 |
| Maine Propane Distributors | $15,395.88 | February 22, 2010 | $4,500.00 | $4,500.00 | N/A |
| Melton Truck Lines, Inc. | $10,941.07 | August 11, 2010 | $5,000.00 | $5,000.00 | 10-01082 |
| Modern Management | $10,000.00 | May 11, 2010 | $4,000.00 | $4,000.00 | 10-00027 |
| Motion Industries Inc. | $16,933.65 | August 24, 2010 | $9,000.00 | $9,000.00 | N/A |
| Municipal Authority of the City of Sunbury | $18,948.22 | May 5, 2010 | $9,500.00 | $9,500.00 | N/A |
| New South Lumber | $87,995.71 | July 30, 2010 | $60,000.00 | $60,000.00 | 10-01083 |

| | | | | | |
|---|---|---|---|---|---|
| Co. Inc. | | | | | |
| No Fire Technologies, Inc. | $38,951.24 | March 26, 2010 | $15,000.00 | $15,000.00 | N/A |
| Pine State Group, Inc. | $16,670.58 | February 15, 2011 | $16,670.56 | $10,335.28 | 10-00029 |
| PPL Electric Utilities | $74,666.00 | April 13, 2010 | $10,000.00 | $10,000.00 | N/A |
| Quality Process Components | $22,681.46 | April 23, 2010 | $12,000.00 | $12,000.00 | N/A |
| Sheets & Associates | $30,000.00 | April 11, 2010 | $5,000.00 | $5,000.00 | 10-00030 |
| Sirius Business Software, Inc. | $14,762.61 | October 11, 2010 | $1,000.00 | $1,000.00 | 10-01428 |
| Town of Lisbon | $24,615.96 | January 18, 2011 | $4,000.00 | $4,000.00 | N/A |
| United Asphalt Co. | $60,895.80 | February 24, 2010 | $18,000.00 | $18,000.00 | N/A |
| | | | **Total Recoveries** | **$477,185.28** | |

29.    *Collection Actions*.  F&P has worked with DSI to analyze the Debtors' books and records to determine which of the Debtors' accounts receivable were likely recoverable.  F&P then issued demand letters to customers owing significant and likely recoverable amounts to the Debtors.  F&P negotiated the final recovery of accounts receivables with the Debtors' former customers.  F&P's efforts have resulted in recoveries on account of Collection Actions in the amount of $256,903.89 since November 1, 2009 (when the Amended Retention Order became effective).  Recoveries on the Collection Actions are set forth below:

11

| Date Received | Remitter | Demand Amount | Settlement Amount | Amount Collected |
|---|---|---|---|---|
| 11/5/2009 | Gulfeagle Supply-Corporate | $17,452.32 | $2,085.24 | $2,085.24 |
| 11/9/2009 | Bloniarz, LLD d/b/a Svoboda Industries | $12,456.48 | $9,300.00 | $9,300.00 |
| 11/10/2009 | SPEC (Mel Stevenson) | | $2,148.09 | $2,148.09 |
| 11/11/2009 | Insulation Technology, Inc., d/b/a Insul Tech Inc. | $10,483.20 | $10,483.20 | $10,483.20 |
| 11/12/2009 | GenFlex Roofing Systems, LLC | $6,469.83 | $6,469.83 | $6,469.83 |
| 12'10/2009 | Pelikan Artline Party | $38,076.00 | $38,076.00 | $38,076.00 |
| 12/16/2009 | Merge Office Interiors | $5,040.00 | $2,300.00 | $2,300.00 |
| 12/28/2009 | Cant Strip Corporation of America | $48,794.33 | $12,000.00 | $12,000.00 |
| 12/28/2009 | Alexson Supply Inc. | $16,246.37 | $16,246.40 | $16,246.40 |
| 12/28/2009 | Louis T. Ollesheimer & Son | $53,267.20 | $20,598.86 | $20,598.86 |
| 1/12/2010 | Richwood Industries, Inc. | | $22,021.81 | $22,021.81 |
| 2/3/2010 | Siplast | $52,043.46 | $53,454.84 | $53,454.84 |
| 3/5/2010 | Johns Manville | | 23,500.00 | $23,500.00 |
| 6/30/10 | Lowe's | $38,219.62 | $ 38,219.62 | $38,219.62 |
| **TOTAL** | | | **$256,903.89** | **$256,903.89** |

## EXPENSES

30.     During the Final Fee Application Period, F&P incurred expenses in the amount of $2,899.11 (the "*Expenses*"), with $214.22 of these Expenses being incurred during the period from January 1, 2011 through November 30, 2011.  These expenses were necessary for the administration of the estate and efficient conclusion of many of the Actions.  The Expenses include:  (1) required filing fees for those Actions accompanied by an adversary complaint filed in this Court; (2) postage; and (3) photocopying, charged to the estates at F&P's standard rate of $0.10 per page.  All Expenses are detailed within Exhibit A attached hereto.

12

## BENEFIT TO THE ESTATES

31.     During the Final Fee Application Period, F&P's services in respect of the Actions resulted in the recovery of $734,089.17, with the recovery to the estates, net of the compensation requested herein, aggregating $489,392.78. F&P therefore submits that its efforts have resulted in a significant benefit to these estates.

## NOTICE

32.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Final Fee Application has been provided to: (a) Bank of America, N.A.; (b) the Office of the United States Trustee; and (c) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is required under the circumstances.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing, on a final basis, F&P $244,696.39 in Hourly Rate and Contingency Fee compensation for the Final Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing F&P $2,899.11 in Expenses during the fee application as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to F&P of $47,426.84, representing amounts owing to F&P on account of approved and unpaid fees owed to F&P during the Final Fee Application Period;

(d) authorizing payment to F&P of $214.22, representing approved and unpaid amounts owing to F&P on account of expenses incurred during the Final Fee Application Period; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: December 6, 2011                     **FREEBORN & PETERS LLP**

                                            By:      /s/ Richard S. Lauter
                                                  Richard S. Lauter (No. 6182859)
                                                  Thomas R. Fawkes (No. 6277451)
                                                  FREEBORN & PETERS LLP
                                                  311 South Wacker Drive, Suite 3000
                                                  Chicago, Illinois 60606
                                                  Telephone: 312.360.6000
                                                  Facsimile: 312.360.6520